IN THE CIRCUIT OF THE 9TH JUDICIAL CIRCUIT, IN AND FOR OSCEOLA COUNTY, FLORIDA

CASE NO.

GEORGE GOLDSTEIN

Plaintiff

v.

SHARMA ELECTRIC, LLC and
SANJAY SHARMA

Defendants

_____/

## COMPLAINT FOR DAMAGES

Plaintiff, George Goldstein ("Goldstein"), sue Defendants, Sharma Electric, LLC ("Electric") and Sanjay Sharma ("Sharma")  and  states as follows:

### Jurisdiction

1.       This is an action for damages which is more than $50,000 exclusive of attorneys' fees, interest and costs.

2.       This Court has jurisdiction over this matter in that venue is proper in that Defendant operates out of Osceola County Florida.

### The Parties/Participants

3.       Plaintiff is a residents of , Florida and is *sui juris*. Plaintiff was at all material times hereto an employee of Defendant Sharma Electric and Sharma has been the owner of Electric and has had operational control at all material times hereto.

### General Allegations

4.       This is an action seeking recovery of unpaid overtime and/or regular

compensation owed to Plaintiff, pursuant to the Fair Labor Standards Act, 29 U.S.C. Section 201, *et. seq*, as amended.

5.      At all times material hereto, Plaintiff was a  resident of the State of Florida and was employed by Defendants.

6.      At all times material hereto, Defendants were doing business in the State of Florida and were regularly engaged in activities that involved interstate commerce. Moreover, at all times material hereto, each Defendants had annual gross sales or business in an amount not less than $500,000.00.  By reason of the foregoing, each Defendant  was and is an "employer" within the meaning of Section 3(d) of the FLSA.

7.      On many occasions throughout his employment with Defendants, Plaintiff worked in excess of forty hours per week and was not paid overtime and/or was not paid regular time. Plaintiff is owed for 960 hours of Overtime at an Overtime Rate of $60 per hour.

8.      Plaintiffs  have retained the undersigned law firm in this matter and have agreed to pay it a reasonable fee for its services.

### Count I-FLSA
### (Overtime and/or Regular Time Compensation)(as to Both Defendants)

9.      Plaintiff hereby incorporates the allegations set forth in paragraphs 1 through 8  by reference.

10.     In several workweeks during the relevant period, Plaintiff worked, in excess for forty(40) hours per week for Defendants.  In these workweeks, Plaintiff was not paid overtime compensation as is required by Section 207 of the FLSA.  It is also believed that Plaintiff worked regular time for which he was not paid.

11.     As a direct and proximate result of Defendants' failure to pay overtime

compensation, Plaintiff has been damaged in the loss of wages and have incurred and are incurring reasonable attorney's fees.

12.    Defendants' failure to pay overtime was deliberate, willful and without good faith or any legal justification.  Consequently, Plaintiff, is entitled to liquidated damages in an amount equal to the underpayment of overtime compensation, and may seek recovery dating back three (3) years from the filing of this action.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages (unpaid overtime), liquidated damages (double damage) and attorneys' fees and court costs pursuant to the FLSA and for such other and further relief as this Court deems just and proper.

### Count II - Breach of Oral Contract (as to Electric only)

Plaintiff reavers and realleges paragraphs 1 through 8 as if fully set forth herein and further alleges:

13.    Plaintiff and Defendant entered into an oral agreement for Plaintiff to be paid certain compensation.

14.    In consideration of the performance of his services, Electric was to pay Plaintiff his compensation.

15.    Electric breached the agreement with Plaintiff by failing to pay failing to pay agreed upon regular time and overtime.

16.    By virtue of Electric's breach of the agreement, Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands judgment against Electric for, damages together with  interest, court costs, attorneys' fees in accordance with Fla. Stat. § 448.08, and for

any and all other and further relief this Court deems just and proper under the circumstances.

### Count VI - Unjust Enrichment (Services Performed) (as to Electric only)

Plaintiff reavers and realleges paragraphs 1 through 8 as if fully set forth herein and further alleges:

17. Plaintiff has conferred benefits and performed services for Electric. Electric has knowledge of the benefits and services provided to it.

18. Electric voluntarily accepted and retained the benefits conferred upon it by Plaintiff without paying his wages.

19. Electric's retention of the benefits and services conferred upon it by Plaintiff would be inequitable unless Electric pays to Plaintiff the value of the services conferred upon it.

20. Plaintiff does not otherwise have an adequate remedy at law.

WHEREFORE, Plaintiff demands judgment against Electric for damages plus interest, court costs, attorneys' fees in accordance with Fla. Stat § 448.08, and for any and all other and further relief this Court deems just and proper under the circumstances.

### Demand for Jury Trial

Plaintiff demands trial by jury on all issues so triable.

Behren Law Firm
1930 N. Commerce Parkway-Suite 4
Weston, FL 33326
(954) 636-3802 - phone
(772) 252-3365 - fax
scott@behrenlaw.com

By:/Scott M. Behren/
  Scott M. Behren
  Fla Bar No. 987786