Case 6:25-cv-00127-GAP-RMN    Document 1-2    Filed 01/27/25    Page 1 of 6 PageID 10

IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT, IN AND
FOR OSCEOLA COUNTY, FLORIDA

CASE NO. 2024CA003403 OC

DIVISION 22

GEORGE GOLDSTEIN,

      Plaintiff,

vs.

SHARMA ELECTRIC, LLC and
SANJAY SHARMA,

      Defendants.

_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants, SHARMA ELECTRIC, LLC ("Sharma Electric") and SANJAY SHARMA ("Sharma") (collectively hereinafter, "Defendants"), by and through the undersigned counsel, respectfully submit their Answer and Affirmative Defenses to Plaintiff's Complaint for Damages, and state as follows:

### Jurisdiction

1.      Defendants deny the allegations in Paragraph 1 of Plaintiff's Complaint.

2.      Defendants admit Sharma Electric operates out of Osceola County, Florida. Defendants deny all remaining allegations in Paragraph 2 of Plaintiff's Complaint.

### The Parties/Participants

3.      Defendants admit Plaintiff was an employee of Sharma Electric. Defendants deny all remaining allegations in Paragraph 3 of Plaintiff's Complaint.

SPDN-868764429-3472317

### **General Allegations**

4.      Defendants admit Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. Section 201, et. seq, as amended. Defendants deny all remaining allegations in Paragraph 4 of Plaintiff's Complaint.

5.      Defendants admit Plaintiff was employed by Sharma Electric. Defendants deny all remaining allegations in Paragraph 5 of Plaintiff's Complaint.

6.      Defendants admit Sharma Electric was doing business in Florida and grossed more than $500,000.00 in sales in 2024. Defendants deny all remaining allegations in Paragraph 6 of Plaintiff's Complaint.

7.      Defendants deny the allegations in Paragraph 7 of Plaintiff's Complaint.

8.      Defendants are without sufficient knowledge to admit or deny the allegations in Paragraph 8 and accordingly deny same.

### **Count I-FLSA**

### **(Overtime and/or Regular Time Compensation) (as to Both Defendants)**

9.      Defendants re-allege and incorporate their answers herein to Paragraphs 1-8 above.

10.     Defendants deny the allegations in Paragraph 10 of Plaintiff's Complaint.

11.     Defendants deny the allegations in Paragraph 11 of Plaintiff's Complaint.

12.     Defendants deny the allegations in Paragraph 12 of Plaintiff's Complaint.

Defendants deny Plaintiff is entitled to any of the relief sought in the WHEREFORE clause of COUNT I of Plaintiff's Complaint.

## Count II – Breach of Oral Contract (as to Electric Only)

Defendants re-allege and incorporate their answers herein to Paragraphs 1-8 above.

13.    Defendants deny the allegations in Paragraph 13 of Plaintiff's Complaint.

14.    Defendants admit Sharma Electric compensated Plaintiff for work performed.  Defendants otherwise deny the allegations in Paragraph 14 of Plaintiff's Complaint.

15.    Defendants deny the allegations in Paragraph 15 of Plaintiff's Complaint.

16.    Defendants deny the allegations in Paragraph 16 of Plaintiff's Complaint.

Defendants deny Plaintiff is entitled to any of the relief sought in the WHEREFORE clause of COUNT II of Plaintiff's Complaint.

## Count III – Unjust Enrichment (Services Performed) (as to Electric Only)

Defendants re-allege and incorporate their answers herein to Paragraphs 1-8 above.

17.    Defendants admit the allegations in Paragraph 17 of Plaintiff's Complaint.

18.    Defendants deny the allegations in Paragraph 18 of Plaintiff's Complaint.

19.    Defendants deny the allegations in Paragraph 19 of Plaintiff's Complaint.

20.    Defendants deny the allegations in Paragraph 20 of Plaintiff's Complaint.

Defendants deny Plaintiff is entitled to any of the relief sought in the WHEREFORE clause of COUNT III of Plaintiff's Complaint.

## Demand for Jury Trial

This paragraph requires neither affirmation nor denial. Defendants otherwise deny.

## AFFIRMATIVE DEFENSES

Without waiving any foregoing answers and defenses, Defendants assert, as and for its affirmative defenses to Plaintiff's Complaint, the following:

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. To the extent Plaintiff seeks compensation for time allegedly worked before or after his clock in and out times, Plaintiff is not entitled to compensation for "preliminary" or "postliminary" activities, as these activities are non-compensable under 29 U.S.C. § 254(a)(2).

3. Plaintiff is exempt from the overtime requirements of the FLSA pursuant to 29 U.S.C. § 213(a)(1) and other exemptions, including, specifically, the administrative and executive exemptions.

4. To the extent Plaintiff seeks compensation for insignificant and infrequent amounts of time that cannot practically be recorded Plaintiff is not entitled to recover damages for such time under the *de minimis* doctrine.

5. Any violation of the Fair Labor Standards Act by Defendant was not willful and was wholly unintentional.

6. All actions taken by Defendants were taken in good faith in compliance with all applicable laws, rules, or regulations including the FLSA.

7. Defendants had reasonable grounds for believing their actions were not in violation of the FLSA.

8. Assuming *arguendo* Defendant violated Plaintiff's rights with regard to the Fair Labor Standards Act and the pay system at issue, such pay system was implemented in good faith without any intent to violate the provisions of the Fair Labor Standards Act.

4

9.     Plaintiff's claims for liquidated damages are subject to the applicable limitations on such damages as set forth in 29 U.S.C. § 216.

10.     The claims of Plaintiff are barred by the doctrines of estoppel and/or estoppel by silence to the extent Plaintiff failed to accurately report hours allegedly worked.   Defendants relied upon representations and/or assurances from Plaintiff regarding the number of hours worked and the accuracy of Defendant's records reflecting those hours, and/or Defendants were unaware that Plaintiff worked the hours now being claimed.

11.     To the extent Plaintiff claims entitlement to compensation for hours not reported,  Defendants assert that Plaintiff represented to Defendants his hours worked, Defendants relied on those representations, and such reliance was detrimental.

12.     The Fair Labor Standards Act does not apply to Defendants as there is no individual coverage for Plaintiff and Defendants are not an Enterprise as defined in the Act.  Neither Defendants or Plaintiff are involved or engaged in interstate commerce.

13.     Defendants reserve herein the right to assert any and all other defenses that may become evident during discovery and during any other proceeding in this action.


Dated: January 23, 2025.

Respectfully submitted,

*/s/York M. Flik*
York M. Flik
Florida Bar No. 101109
yflik@anblaw.com
ALLEN, NORTON & BLUE, P.A.
121 Majorca Avenue, Third Floor
Coral Gables, Florida 33134
Tel.:   (305) 445-7801
*Counsel for Defendants*

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 23, 2025, the foregoing was filed electronically with the Clerk of the Court using the Florida e-Filing Portal, which will electronically serve a copy to:

Scott M. Behren, Esq.
scott@behrenlaw.com
Behren Law Firm
1930 N. Commerce Parkway
Suite 4
Weston, FL 33326
Tel: (954) 636-3802
Fax: (954) 772-252-3365
Counsel for Plaintiff

/s/York M. Flik
Attorney

6